UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COURTNEY BURTON,

                    Plaintiff,

             -v-                                   5:18-CV-150

MAMOUN ABRAHAM, Detective,
of the Syracuse Police Department,
in his individual capacity, and
FRANK L. FOWLER, Chief, of the
Syracuse Police Department, in his
individual capacity,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

COURTNEY BURTON
Plaintiff, pro se
17-B-3514
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

CITY OF SYRACUSE                    KHALID BASHJAWISH, ESQ.
   CORPORATION COUNSEL
Attorneys for Defendants
233 East Washington Street
Room 300 City Hall
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

<u>**MEMORANDUM–DECISION and ORDER**</u>

## I.  <u>INTRODUCTION</u>

On February 6, 2018, pro se plaintiff Courtney Burton ("Burton" or "plaintiff") initiated this 42 U.S.C. § 1983 civil rights action against defendants Mamoun Abraham, a Syracuse Police Department ("SPD") Detective ("Detective Abraham") and SPD Chief of Police Frank L. Fowler ("Chief Fowler") (collectively "defendants").  According to the allegations in plaintiff's twelve-count complaint, Detective Abraham unlawfully entered his home, used excessive force in the course of unlawfully arresting him, improperly impounded his car, and then filed false criminal charges against him.

Defendants have moved for partial dismissal of Burton's § 1983 complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  According to defendants, the claims against Chief Fowler must be dismissed because the allegations in the complaint fail to plausibly establish his personal involvement in any of the constitutional violations claimed by plaintiff.

The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II.  <u>BACKGROUND</u>[1]

On May 18, 2016, at approximately 1:00 p.m., Detective Abraham entered Burton's residence at 302 Merriman Avenue in Syracuse, New York, pointed a loaded pistol at plaintiff's head, and forced him to "get on the ground," where he handcuffed him and searched him.  According to plaintiff, Detective Abraham's conduct was unlawful because he

---

[1]  The following allegations are taken from Burton's complaint and are assumed true for purposes of resolving defendants' partial motion to dismiss.

did not have a warrant, probable cause, or reasonable suspicion at the time of his actions.

The complaint alleges that Detective Abraham then brought Burton outside and forced him to lay on the ground for "nearly two hours" before taking him to the Onondaga County Justice Center.  Thereafter, Detective Abraham filed a criminal complaint that charged plaintiff "with possession of a Controlled Substance in the 3rd and 7th degree, as well as loitering."  According to plaintiff, this complaint was false—Detective Abraham's search "did not yield any items of criminality."

In addition, the complaint alleges that Detective Abraham directed another, unknown individual to search and then impound Burton's 1996 Lincoln Town Car, a mint condition collector's item.  The vehicle stayed in the SPD's impound lot for nearly two months, during which time the interior upholstery and motor were severely damaged.

On December 2, 2016, after spending over seven months in pre-trial detention, the criminal complaint against Burton was "resolved in [his] favor."  Plaintiff alleges that he lost approximately $500 per month during this time period, and that his personal life and professional career have been irreparably damaged by the incident.

Finally, Burton's complaint alleges that Chief Fowler "was personally involved" in Detective Abraham's misconduct because civilians had complained about similar misconduct attributable to Detective Abraham and other SPD officials in the past.

## III.  LEGAL STANDARDS

### A.  Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)).  "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' (FED. R. CIV. P. 8(A)(2)), more than mere conclusions are required."  Id.  "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims."  Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor."  Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.).  In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."  Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## B.  42 U.S.C. § 1983

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992).  However, "[s]ection 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993).  Thus, a § 1983 claim requires a plaintiff to show (1) the deprivation of a right, privilege, or immunity

secured by the Constitution and its laws by (2) a person acting under the color of state law.  42 U.S.C. § 1983.

### C.  Pro Se Status

The basic pleading requirements set forth above apply to pro se plaintiffs as well as plaintiffs represented by counsel, but "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  In other words, "[w]here, as here, the complaint was filed pro se, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests."  Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)).

However, "all normal rules of pleading are not absolutely suspended" when a plaintiff is proceeding pro se.  Jackson v. Onondaga Cnty., 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) (McAvoy, J.) (internal quotation marks and footnote omitted).  Even a pro se plaintiff must plead sufficient factual allegations to suggest an entitlement to relief.  See id.  Simply put, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citations omitted).

## IV.  DISCUSSION

Burton's complaint asserts six causes of action against Detective Abraham:  false arrest (First Cause of Action), unlawful search (Second Cause of Action), malicious prosecution (Third Cause of Action), unlawful search of his vehicle (Fourth Cause of Action), unlawful seizure of his vehicle (Fifth Cause of Action), and false imprisonment (Eleventh Cause of Action).

Burton's complaint asserts the same six causes of action against Chief Fowler: false arrest (Sixth Cause of Action), unlawful search (Seventh Cause of Action), malicious prosecution (Eighth Cause of Action), unlawful search of his vehicle (Ninth Cause of Action), unlawful seizure of his vehicle (Tenth Cause of Action), and false imprisonment (Twelfth Cause of Action).

Defendants seek to dismiss only the causes of action asserted against Chief Fowler. According to them, Burton's allegations do not plausibly establish Chief Fowler's personal involvement in any of the incidents described in the complaint within the meaning of § 1983. Further, defendants argue that insofar as these allegations might be construed as an attempt to establish Monell liability against the City of Syracuse (an entity not currently named as a party), defendants contend it is well-settled that the kind of boilerplate language included in plaintiff's complaint is insufficient to state a viable Monell claim.

Defendants are correct. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Odom v. Matteo, 772 F. Supp. 2d 377, 403 (D. Conn. 2011) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). This is because § 1983 does not provide for the kind of *respondeat superior* tort liability commonly pursued in other contexts. See, e.g., Elek v. Inc. Vill. of Monroe, 815 F. Supp. 2d 901, 806 (S.D.N.Y. 2011) ("Supervisory liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior.").

"The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy

the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring." Odom, 772 F. Supp. 2d at 403 (quoting Colon, 58 F.3d at 873); see also Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014) (noting that the continued vitality of all five Colon factors remains an open question post-Iqbal).

In other words, a plaintiff is obligated to demonstrate a nexus between the alleged constitutional violation(s) he suffered and some actual act or omission of the particular individual defendant against whom he seeks to pursue such a claim. But even liberally construed in light of his status as a pro se litigant, Burton's allegations against Chief Fowler utterly fail to demonstrate he had any direct involvement in the misconduct; i.e., the unlawful entry into plaintiff's home or subsequent false arrest, detention, and prosecution, or that Chief Fowler was in a position to remedy an ongoing (as opposed to a completed) constitutional wrong. See, e.g., Odom, 772 F. Supp. 2d at 403 (rejecting supervisory liability theory where plaintiff attempted to demonstrate the officer had previously been reprimanded for pulling a gun on a suspect during a traffic stop).

Burton's allegations do not suffice to establish municipal liability, either. "Before a municipality can be held liable under § 1983, it must be shown to have been 'the moving force of the constitutional violation.'" Carmichael v. City of N.Y., 34 F. Supp. 3d 252, 262-63 (E.D.N.Y. 2014) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)); see also Cash v. Cty. of Erie, 654 F.3d 324, 341-42 (2d Cir. 2011) (equating "moving force" with

"proximate cause").

"In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove:  (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted).

"The fifth element reflects the notion that 'a municipality may not be held liable under § 1983 solely because it employs a tortfeasor.'" Cowan v. City of Mt. Vernon, 95 F. Supp. 3d 624, 643 (S.D.N.Y. 2015) (quoting Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997)).  Importantly, this element "can only be satisfied where a plaintiff proves that a 'municipal policy of some nature caused a constitutional tort.'" Roe, 542 F.3d at 36 (citation omitted).  However, a "municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash, 654 F.3d at 334; see also Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996) ("The policy or custom need not be memorialized in a specific rule or regulation.").

Of course, "Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2)." Lloyd v. City of N.Y., 43 F. Supp. 3d 254, 269 (S.D.N.Y. 2014) (citation omitted).  Again, though, even at the motion-to-dismiss stage a pro se litigant like Burton is still obligated to plead some basic *factual* details that, taken as true, plausibly give rise to such a claim.  See, e.g., Triano v. Town of Harrison, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) ("[M]ere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details.").

In this case, Burton alleges facts that, taken as true, describe a broad course of unconstitutional conduct undertaken by Detective Abraham.  But plaintiff's allegations concerning knowledge of, or involvement in, this alleged conduct that might be somehow attributable to superiors like Chief Fowler, and his claims about similar or identical conduct attributable to Detective Abraham's fellow SPD officials, are phrased in wholly conclusory terms.  See, e.g., Iqbal, 556 U.S. at 681 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); LaMagna v. Brown, 474 F. App'x 788, 790 (2d Cir. 2012) (summary order) (characterizing allegations without any supporting factual foundation as mere conclusions "masquerading" as facts).  Absent some basic supporting factual detail, plaintiff's claims for relief against Chief Fowler are purely speculative.  Accordingly, they must be dismissed.

The final question is whether Burton should be granted leave to amend his complaint to cure the deficiencies in his claims vis-a-vis Chief Fowler.  Generally speaking, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  However, if the problems with a complaint are "substantive" rather than the result of an "inadequately or inartfully pleaded" complaint, an opportunity to re-plead would be "futile" and "should be denied."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Often, a pro se plaintiff's opposition memorandum will shed light on, or at the very least hint at, certain additional facts or circumstances that, if properly alleged in an amended pleading, would suffice to state plausible claims.  See, e.g., Graham v. Macy's, Inc., 2016 WL

354897 at *10 (S.D.N.Y. Jan. 28, 2016) (observing that pro se litigant had been permitted opportunity to amend, at least in part, because her motion papers contained new allegations that "begin to—although they do not fully—remedy the deficiencies in her Complaint").

But that is decidedly not the case here.  To the contrary, Burton's opposition memorandum restates the same boilerplate accusations of generalized misconduct attributable to Chief Fowler that were found in his underlying pleading.  Plaintiff has given no indication that he is in possession of any additional factual assertions that, if given leave to do so, he might add to his complaint to cure the deficiencies outlined above.  Accordingly, leave to amend these claims would be futile under the circumstances presented here.

## V. **CONCLUSION**

Burton's claims against Detective Abraham will go forward, but his claims against Chief Fowler must be dismissed.

Therefore, it is

ORDERED that

1.  Defendants' motion for partial dismissal is GRANTED;

2.  Chief Fowler is DISMISSED as a defendant in this action; and

3.  Detective Abraham shall file and serve an answer to the complaint on or before June 5, 2018.

IT IS SO ORDERED.

United States District Judge

Dated:  May 15, 2018
        Utica, New York.

- 10 -